# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3757 | **DATE** | 7/10/2008 |
| **CASE TITLE** | McClure vs. Muhammad | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court denies plaintiff's motion to proceed *in forma pauperis*, but sees no need for him to pay the filing fee or any portion thereof. This case is dismissed as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This case is hereby terminated.

■[ For further details see text below.]<sup>Docketing to mail notices.</sup>

**STATEMENT**

Order Form (01/2005)   Case 1:08-cv-03757   Document 5   Filed 07/10/2008   Page 1 of 3

08C3757 McClure vs. Muhammad                                                                                           Page 1 of 2

Plaintiff Anthony McClure has sued Silis Muhammad or the Present Head of the Lost-Found Nation of Islam of Atlanta, Georgia and Minister Abu Bakr, also known as Willie Petty of Chicago, Illinois under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, for: (1) involving him "with criminal intent," (2) telling him "to leave the city and never come back"; (3) failing to respond to any of McClure's letters asking "why he had to suffer for people who were members of this Nation that were involved in misleading Plaintiff of the practice of religion and criminal activity were their intent"; and (4) never supplying "the help that was promised to him by the Lost-Found Nation of Islam to get back his freedom from prison"; and (5) "caus[ing] horrifying memories by the Lost-Found Nation of Islam who had no respect for the establishment of religion." (Compl. ¶¶ 4, 6, 8.) McClure complains that defendants' conduct led to his damage in August 1984, presumably when he was incarcerated, and that he has been in jail ever since. (*Id.* ¶ 3.)

Because this is an *in forma pauperis* law suit, the district court must dismiss the action "at any time" if it finds that it is frivolous, malicious or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A claim is "frivolous" when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The instant complaint has numerous deficiencies. The Court addresses each in turn.

First, the FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). The only proper defendant in a law suit brought pursuant to the FTCA is the United States. 28 U.S.C. § 2679(b). Plaintiff has sued two individuals who are members of the Lost-Found Nation of Islam for constitutional

**STATEMENT**

torts. Thus, he has failed to state an FTCA claim.

Second, to the extent that the complaint attempts to state a claim under 42 U.S.C. § ("section") 1983 for Equal Protection, First Amendment and Establishment Clause violations, the complaint fails to state a claim. To state a cause of action under section 1983, a plaintiff must allege facts to establish: (1) that defendants acted under color of state law, and (2) that defendants' conduct deprived plaintiff of rights secured by the Constitution or laws of the United States. *Procopio v. Johnson*, 994 F.2d 325, 328 (7th Cir. 1993). "[T]he protections of § 1983 do not extend to private conduct violating individual rights no matter how abhorrent the conduct may be." *Letisha A. v. Morgan*, 855 F. Supp. 943, 947 (N.D. Ill. 1994); *see Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). The facts of this case do not justify a deviation from the general rule that a private actor is not subject to section 1983. Muhammad and Bakr are individuals who are not associated with a municipality or state governmental entity. McClure alleges that they are members of the Lost-Found Nation of Islam in Chicago and Atlanta. (Compl. ¶ 4.) Accordingly, the Court holds that the complaint fails to state a section 1983 claim.

Third, to the extent that the complaint attempts to bring tort claims under state law, McClure has pleaded himself out of court. The statute of limitations applicable to personal-injury suits under Illinois law is two years. 735 Ill. Comp. Stat. 5/13-202. McClure states that defendants' conduct of involving him "with criminal intent" led to his personal injury in August 1984, *i.e.*, his incarceration. (Compl. ¶ 3.) He alleges that he has been incarcerated for twenty-four years to date and has repeatedly sent letters to defendants, to no avail, asking why "he had to suffer for people who were members of this Nation that were involved in misleading Plaintiff of the practice of religion and criminal activity were their intent." (*Id.* ¶ 6.) He also alleges that throughout his incarceration, he never received "the help that was promised to him by the Lost Found Nation Of Islam to get back his freedom from prison." (*Id.* ¶ 7.) Because he has alleged that he has been aware of defendants' purported liability for his injury throughout his incarceration, he has pleaded himself out of court and the statute of limitations has clearly run as to any state law tort claims.

For these reasons, the Court denies McClure's application to proceed *in forma pauperis*, but sees no reason for him to pay the filing fee or any portion thereof. Because McClure's claims have no arguable basis in law, this case is dismissed as frivolous and for failure to state a claim.